**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**AIKEN DIVISION**

| | | |
|---|---|---|
| Markel International Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:09-3016-MBS -JRM |
| v. | ) ) | |
| Chandrakant R Patel d/b/a Allendale Motor Court; John Powell, | ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) ) | |

In July of 2009, Defendant herein, John Powell ("Powell"), filed a complaint in the Court of Commons Pleas of Allendale County seeking to recover damages for an injury he allegedly suffered while performing roofing work for the other Defendant herein, Chandrakant R. Patel ("Patel") d/b/a Allendale Motor Court. On November 18, 2009, Markel International Insurance Company ("Markel") filed a declaratory judgment action in this Court pursuant to 28 U.S.C. § 2201, *et. seq.*, seeking an order that exclusions contained in a commercial general liability insurance policy it issued to Patel "do not require Markel to provide any indemnification to Defendants [Patel and Powell] for the claims asserted and arising out of the alleged injuries sustained by an independent contractor, employee, leased worker, casual labor or volunteer while working on the roof of the motel located in Allendale, South Carolina and Markel has no obligation to pay for any punitive or exemplary damages sought by Powell." (Complaint, ¶ 22).

Patel filed a *pro se* Answer to the Complaint on December 4, 2009. This case was thereafter referred to the undersigned for pretrial purposes pursuant to Local Rule 73.02(B)(2)(e). Powell filed

an Answer and Motion to Dismiss this action on December 7, 2009. Markel filed a response in

opposition to the motion to dismiss on December 9, 2009. He filed a motion to stay proceedings in

this case pending resolution of the Motion to Dismiss on December 16, 2009. Because Patel is

proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued

explaining to him his responsibility to respond to the motion to dismiss. Patel has not filed a

response.

Markel brings this action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) which

states that "(i)n a case of actual controversy within its jurisdiction...any court of the United

States...may declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought." The Declaratory Judgment Act gives

district courts discretion to grant declaratory relief "(1) when the judgment will serve a useful

purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford

relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Cas.&

Sur.Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937).

Since this case raises issues entirely of South Carolina law, considerations of federalism,

judicial efficiency, and comity are present. Mitcheson v. Harris, 955 F.2d 235, 237-240 (4th Cir.

1992). In Nautilus Ins.Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994), (citations and

internal quotations omitted) the court stated the factors that should be considered in this respect:

> (1) the strength of the state's interest in having the issues raised in the federal
> declaratory judgment action decided in the state courts; (2) whether the issues raised
> in the federal action can be more efficiently resolved in the court in which the state
> action is pending; (3) whether permitting the action to go forward would result in
> unnecessary "entanglement" between the federal and state courts; and (4) whether the
> federal action is being used merely as a device for "procedural fencing"-that is, "to
> provide another forum in a race for res judicata" or "to achieve a federal hearing in
> a case otherwise not removable."

### 1. State's Interest

South Carolina contract and insurance law control all the issues raised in the present declaratory judgment action. "State courts have a particular interest in deciding questions of insurance law." Beach Cove Associates v. United States Fire Insurance co., 903 F.Supp. 959, 962 (D.S.C. 1995) citing SEC v. National Securities, Inc., 393 U.S. 453, 459 (1969). Although the record before the undersigned is somewhat sparse, it appears that all the factual issues which would be contested in the declaratory judgment action are being developed in the state court action.

### 2. Judicial Efficiency

The existence of the present case and the underlying state case raises serious issues of judicial efficiency. As the court stated in Beach Cove, 903 F.Supp. at 963:

> The state court is familiar with the controversies underlying this action. It would be wasteful to have this case proceed on a parallel track with the state cases. If there is a verdict for Plaintiff in those cases the coverage issues will be moot...Efficiency dictates that issues stemming from one controversy should be resolved by one court.

### 3. Unnecessary Entanglement of State and Federal Courts

As noted above, the present case presents issues which substantially overlap with the pending state case. All issues are solely matters of South Carolina law. Markel argues that it is seeking "declaratory judgment in a neutral federal forum and settle the issues." (Pl.Mem., p. 4). Markel brought this action as "a foreign resident" due to complete diversity of the parties. By this argument Markel implies that it, as a foreign resident, would be unable to obtain a fair hearing in state court, i.e., a state court in a state in which it elected to do business. Markel seeks to unnecessarily entangle this Court in issues best left to resolution in the state courts.

**4. Procedural Fencing**

The above discussion leads to the conclusion that Markel is attempting to engage in the "procedural fencing" disfavored by the federal courts. The courts of South Carolina are fully capable of rendering an independent, unbiased, and reasoned decision on the issues raised in the present case.

<u>**Conclusion**</u>

After review of the record, it is recommended that Defendant's motion to dismiss should be **granted**, and this case be **dismissed**. The motion to stay should be **denied** as **moot**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

August 5, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).