IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Markel International Insurance Co., | ) |
| | ) C/A No. 1:09-3016-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) **O R D E R** |
| | ) |
| Chandrakant R. Patel *d/b/a Allendale Motor Court* and John Powell, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the Court on Defendant John Powell's motion to dismiss. ECF No. 18. Plaintiff Markel International Insurance Co. ("Markel") is an insurance company incorporated in a state other than South Carolina with a principal place of business in London, England. Compl. ¶ 1, ECF No. 1. Defendant Chandrakant R. Patel ("Patel"), who is proceeding pro se, is the sole proprietor of a motor inn located in Allendale, South Carolina. Id. at ¶ 2. Defendant John Powell ("Powell") is the plaintiff in a personal injury action that was filed in state court against Patel. Id. at ¶ 12. Markel's duty to defend Patel in the state lawsuit is the subject of this action.

**I.   BACKGROUND**

On May 8, 2008, Markel issued Patel a commercial general liability policy (the "Policy"). Id. at ¶ 8. Approximately eight months later, on January 23, 2009, Powell fell from the roof of Patel's motor inn. Id. at ¶ 12; Def.'s Mot. To Dismiss 1, ECF No. 18-1. Powell filed suit against Patel in the South Carolina Court of Common Pleas for Allendale County seeking actual and punitive damages for injuries he claims to have sustained in the fall. Compl. ¶ 12, ECF No. 1. Powell served Patel with a Summons and Complaint on July 20, 2009, and Patel has actively defended against the

suit by filing an Answer and serving on Powell Interrogatories, Requests for Production and Requests to Admit. Def.'s Mot. To Dismiss 1–2, ECF No. 18-1.

Markel filed the instant action on November 18, 2009 invoking diversity jurisdiction, 28 U.S.C. § 1332(a), and seeking relief under the authority of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. Specifically, Markel seeks a declaratory judgment that: (1) "the exclusions contained in the Policy do not require Markel to provide indemnification to the defendants;" (2) "the exclusion contained in the Policy does not require Markel to indemnify Defendants for any punitive or exemplary damages;" (3) "since there is no duty to indemnify the Defendants under any provision of the policy then Markel has no duty to defend Patel in the underlying lawsuit;" (4) Markel shall be awarded "the costs and disbursements of this action;" and (5) the court award "such other relief as this District Court deems just and proper under the circumstances." Compl. 6, ECF No. 1.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On December 7, 2009, Powell filed a motion to dismiss. ECF No. 18. On December 15, 2009 Powell also filed a motion to stay these proceedings pending resolution of the motion to dismiss. ECF No. 24. Markel filed a response in opposition to Powell's motion to dismiss on December 9, 2009. ECF No. 20. Powell did not file a reply to Markel's response in opposition to the motion to dismiss.[1]

On August 5, 2010, the Magistrate Judge filed a Report and Recommendation ("R&R") in which he noted that district courts have discretion to grant relief under the Declaratory Judgment Act.

---

[1] Because Patel is proceeding pro se, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Patel of his responsibility to respond to a motion to dismiss. ECF No. 27. Patel did not file any papers related to the motion to dismiss.

2

See Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). Where the action exclusively involves issues of state law, courts may decline to exercise their jurisdiction under the Act due to considerations of federalism, judicial efficiency, and comity. See, e.g., Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994); Mitcheson v. Harris, 955 F.2d 235, 237–240 (4th Cir. 1992). After carefully examining each of the relevant factors, the Magistrate Judge recommended that this court decline to exercise its jurisdiction under the Declaratory Judgment Act and grant Powell's motion to dismiss.

Markel did not file an objection to the R&R. The time for filing an objection has expired and this matter is now ripe for consideration by the court.

## II. LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. CONCLUSION

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant John Powell's motion to

dismiss is **granted**, ECF No. 18, and the motion to stay is **denied as moot**, ECF No. 24. This case shall be **dismissed**.

    **IT IS SO ORDERED**.

                                        /s/ Margaret B. Seymour
                                        Margaret B. Seymour
                                        United States District Judge

Columbia, South Carolina
August 26, 2010.